22-sw-3027-WJE

**Target Telephone 1**
Red in color Apple iPhone, model 12, displaying Serial number 353342880865000.
**Target Telephone 2**
Red in color Apple iPhone, model SE, displaying Serial number 356854111282331.

**AFFIDAVIT
OF
TASK FORCE OFFICER
SHERI J. KAUFFMAN
BUREAU OF ALCOHOL, TOBACCO , FIREARMS AND EXPLOSIVES**

I, Sheri J. Kauffman, being first duly sworn, do depose and state that:

1. I am a federally deputized Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) assigned to the Jefferson City, Missouri Satellite Office, and have been since December 2019. Prior to becoming a TFO, I worked as a patrol officer with the Jefferson City Police Department (JCPD) for five years assigned to the patrol division. Previously, I was worked 3 years as a patrol officer with the University of Missouri Police Department (MUPD) in Columbia, Missouri. I have worked exclusively on firearms investigations for approximately two years. I have investigated criminal violations of the federal firearms and controlled substance laws, including, but not limited to, investigations involving felons in illegally possessing firearms, in violation of Title 18, United States Code, Sections 922 and 924. Further, I have participated in physical surveillance, electronic surveillance, undercover transactions, controlled drug purchases, and the execution of search warrants.

2. I make this affidavit in support of an application for a search warrant under Fed. R. Crim. P. 41 for a warrant to search a red in color Apple iPhone, model 12, displaying Serial Number in a clear protective case (the "Target Telephone 1") and a red in color Apple iPhone, model SE, displaying Serial number 356854111282331 in a black and gray protective case (the

1

"Target Telephone 2"). The Target Telephone 1 and the Target Telephone 2 are currently located at the Jefferson City Police Department.

3. The Target Telephone 1 and the Target Telephone 2 were seized on March 24, 2022, from ANTHONY SHEPARD'S residence at 1010 Madison Street, Apartment B4 (B), Jefferson City, MO 65101 during the execution of a search warrant by the Jefferson City Police Department. ANTHONY SHEPARD was arrested during the search warrant and in possession of 2 Apple iPhones, 2 firearms (1 stolen out of Jefferson City, Missouri), $ 1763 in currency, ammunition, approximately 36 grams of psychedelic mushrooms, approximately 319 grams of marijuana, suspected marijuana wax, suspected marijuana "live resin", firearm ammunition, pills, and drug paraphernalia to include digital scales.

4. This affidavit is based on my own personal knowledge as well as information provided to me by other law enforcement agencies and officers. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. I have only set forth the facts I believe are essential to establish probable cause to search the Target Telephone 1 and the Target Telephone 2, as described in Attachment A, and for certain items more particularly described in Attachment B.

5. The Government, including but not limited to the ATF, is conducting a criminal investigation of ANTHONY SHEPARD, and others, known and unknown, regarding possible violations of 18 U.S.C. §§ 922(g)(1), 924 (a)(2) and 21 U.S.C. § 841(a)(a).

6. The Jefferson City Police Department was conducting a drug distribution investigation involving ANTHONY SHEPARD. Through that investigation, officers have learned of significant drug distribution activities by ANTHONY SHEPARD, DOB: 06/15/1991, SSN: 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. JCPD Officers Gash and Stevens received information from a concerned citizen

regarding the sale of narcotics by a male in the top right apartment at 1010 Madison. The caller also stated the male drove a black BMW.

7. On March 24, 2022, at approximately 1:00 p.m., Officer Gash and Officer Stevens went to 1010 Madison Street and observed BMW parked directly in front of the apartment complex. Officers ran the registration, and it came back to SHEPARD. Officer located the top right unit, which was Unit 4. The officers conducted a Knock and Talk. When the officers knocked on the apartment door, Antonisha Soloman answered. When Soloman opened the door, the officer smelled a strong odor of marijuana coming from the apartment. The officers asked to speak to SHEPARD. Soloman stated she was not a resident and claimed SHEPARD was the resident and he was no longer in the area. Soloman consented to a search of her person and was released from the scene. Soloman left the apartment door open, and Officer Stevens could see inside of the apartment from outside the door. Officer Stevens witnessed 2 male juveniles in the living room. The officers announced and instructed SHEPARD to come to the door. SHEPARD did not initially cooperate. The officers again instructed SHEPARD to come to the door. He came to the door and was detained on scene in order for the officers to seek a state search warrant. SHEPARD was asked if he had a medical marijuana case and he said, "No."

8. SHEPARD advised that his sons were in the apartment The officers performed a protective sweep of the residence to ensure all subjects were accounted before applying for a search warrant. While performing the protective sweep, Officer Stevens and Officer Gash observed an open duffle bag with what appeared to be marijuana in it. There was also a clear plastic bag on top of the duffle bag. The plastic bag contained an unknown substance. Officer Stevens told SHEPARD they saw a bag with appeared to be marijuana. SHEPARD voluntarily told the officers that the bag did not contain marijuana but mushrooms.

3

Case 2:22-sw-03027-WJE    Document 1-1    Filed 07/27/22    Page 3 of 8

9. The Officer applied for and were granted a state search warrant. On March 24, 2022, at approximately 3:00 p.m., the Jefferson City Police Department served a state search warrant at 1010 Madison Street, Apartment B4 (B).

10. Upon searching the residence, the JCPD officers located narcotics, currency, firearms, and narcotic paraphernalia. The evidence was seized and processed at the Jefferson City Police Department. The officers seized a Springfield handgun, a Baikal handgun, approximately 319 grams of marijuana, various products containing THC, crushed pills, 3 scales, 36 grams of psychedelic mushrooms, and $ 1763 in currency.

11. The Springfield handgun was confirmed stolen by JCPD Communications. According to JCPD report 2019-44135, JCPD Officer Schnakenberg contacted the victim, Joshua Mitchell by telephone. Mitchell advised that his Springfield handgun, model XDS, 9-millimeter, bearing serial number HG923813 had been stolen out of his vehicle between 09/27/2019 and 09/28/2019. Mitchell advised Officer Schnakenberg that he did not know where the theft occurred. Mitchell did not have any suspect information. Officer Gash notified Mitchell of the updated information on 03/25/2022.

14. SHEPARD was transported to the Cole County Jail. JCPD Officers Phelps and Terrance contacted SHEPARD in the Interview Room within the Cole County Jail. Officer Phelps verbally informed SHEPARD of his Miranda Rights. Officer Phelps informed SHEPARD that the Springfield firearm was reported stolen. SHEPARD claimed he purchased the firearm for $ 380.00 from an unknown subject. Shepard claimed he bought the second firearm for $250.00.

15. SHEPARD stated he purchased his marijuana in Las Vegas, Nevada and admitted to driving to the location frequently to purchase quality product. SHEPARD admitted to planning to consume the psychedelic mushrooms with his friends. SHEPARD also stated that all the

marijuana and marijuana/THC products in the apartment were for personal use. Officer Phelps also asked about the pills. SHEPARD told the officers that about the pills, he likes to do "ecstasy."

16. A review of SHEPARD'S criminal history shows a possible conviction for felony aggravated assault out Madison County, Illinois. However, during Officer Phelps interview with SHEPARD, he denied being a felon. The records from Madison County shows SHEPARD was sentenced to 1-year supervised probation, which he completed. SHEPARD also has a prior felony conviction for possession of controlled substance out of St. Charles County, Missouri in 2011. He was sentenced to a suspended imposition of sentence and completed the probation on August 31, 2017. In addition, SHEPARD told Officer Phelps he was a user of marijuana and ecstasy.

## Technical Terms

17. Based on my training and experience, a wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used primarily for voice communication through radio signals. These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones now offer a broad range of capabilities. These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving and storing text messages and email; taking, sending, receiving and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device. In my training and experience, examining data stored on

devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

18. Based on my training and experience, a subscriber identity module or subscriber identification module (SIM) on a removable SIM card securely stores the service-subscriber key (IMSI) used to identify a subscriber on mobile telephony devices (such as mobile phones and computers). The SIM card allows users to change phones by simply removing the SIM card from one mobile phone and inserting it into another mobile phone or broadband telephony device. A SIM card contains its unique serial number, internationally unique number of the mobile user (IMSI), security authentication and ciphering information, temporary information related to the local network, a list of the services the user has access to and two passwords (PIN for usual use and PUK for unlocking). Not all cellular phone companies use SIM cards. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

**Electronic Devices and Storage**

19. As described above and in Attachment B, this application seeks permission to search and seize items that the Target Telephone 1 and the Target Telephone 2 might contain, in whatever form they are stored. Based on my knowledge, training and experience, I know that electronic devices can store information for long periods of time. Even when a user deletes information from a device, it can sometimes be recovered with forensic tools. Similarly, items that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensic tools.

20. Based on my training and experience, I know that individuals involved in unlawful illegal firearm possession and drug trafficking activities often communicate with each other by

cellular telephone. I am also aware that cellular telephones have functions that allow caller identification, voice and text messaging, and stored memory capability. In addition, some cellular telephones have additional computing capabilities and can store calendar information, electronic mail messages and other personal files. In my experience, drug traffickers often store contact information concerning their drug associates on their cellular telephones, and may also keep records that reflect drug transactions, travel and other drug-related business on those phones. Drug traffickers also sometimes take photographs of themselves and their associates. I also know from my experience that people often use text messages or messaging applications to communicate about firearm sales. This includes sending pictures of the firearm and negotiating prices.

21.     Searching for the evidence described in Attachment B may require a range of data analysis techniques. In some cases, agents and intelligence analysts may be able to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require agents and law enforcement or other analysts with appropriate expertise to conduct more extensive searches, such as scanning storage areas unrelated to items described in Attachment B, or perusing all stored information briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, the ATF intends to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described in Attachment B, including an off-site search outside the jurisdiction of the Western District of Missouri.

22. Obtaining the stored information from the Target Telephone 1 and the Target Telephone 2 will likely assist investigators in identifying others involved in this crime. Furthermore, the stored information from the Target Telephone 1 and the Target Telephone 2 may assist in developing evidence to uncover incriminating information regarding their firearm possession and drug trafficking activities.

23. I submit that this affidavit supports probable cause for a warrant to search the Target Telephone 1 and the Target Telephone 2 described in Attachment A and seize the items described in Attachment B.

24. The facts set forth in this affidavit are true and correct to the best of my knowledge and belief.

FURTHER, Affiant sayeth not.

_____
**SHERI J. KAUFFMAN**
Task Force Officer
Drug Enforcement Administration

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 41 by telephone on this, the 27th day of July, 2022.

_____
**Willie J. Epps, Jr.**
United States Magistrate Judge